## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### JACKSON DIVISION

| | |
|---|---|
| **FIRST TRINITY CAPITAL CORPORATION** | **PLAINTIFF** |
| **VERSUS** | **NO.: 3:12-cv-827 DPJ-FKB** |
| **STATE NATIONAL INSURANCE COMPANY and APPALACHIAN UNDERWRITERS** | **DEFENDANTS** |

**************************************************************************

### STATE NATIONAL INSURANCE COMPANY'S ANSWER, AFFIRMATIVE DEFENSES, AND REQUEST FOR JURY TRIAL

### ANSWER

Defendant, **State National Insurance Company ("State National"),** responds to the Complaint filed against it and asserts Affirmative Defenses, as follows:

### AFFIRMATIVE DEFENSES OF APPALACHIAN

### FIRST DEFENSE

That the Complaint fails to state a cause of action upon which relief can be granted.

### SECOND DEFENSE

That in the event of a Judgment in favor of plaintiff and against defendant, State National, and solely in that event, State National avers that it is entitled to a credit or set off for any amounts paid to plaintiff, or either of them, under any policy sued upon, or for recovery of any amounts paid to it pursuant to any policy of insurance at issue.

### THIRD DEFENSE

First Trinity has received accord and satisfaction for any amounts claimed in this civil action pursuant to its forbearance and liquidation agreement with Central Mississippi Insurance Agency, Inc. ("Central") and Jan Gunn, and any other agreements between these parties that may be discovered in the course of this litigation.

### FOURTH DEFENSE

The plaintiff's claims are barred, in whole or in part, because fault must be allocated to other parties, including, but not limited to, First Trinity, Central, and Jan Gunn, pursuant to Sec. 85-5-7 of the Mississippi Code.

### FIFTH DEFENSE

The plaintiff's claims are barred by the equitable doctrines of estoppel, unclean hands, and in *pari delicto*, because First Trinity, including its employees and agents, Central and Jan Gunn, knew about, participated in, or were complicit in the conduct giving rise to the claims.

### SIXTH DEFENSE

The plaintiff's claims have been paid and satisfied in full by third parties, including, but not limited to Central and Jan Gunn.

### SEVENTH DEFENSE

The plaintiff's claims have been released pursuant to the forbearance and liquidation agreement with Central and Jan Gunn, and if First Trinity prevails on its theory of agency, State National is a third party beneficiary of that agreement.

## EIGHTH DEFENSE

The plaintiff's claims have been paid in full and satisfied pursuant to First Trinity's forbearance and liquidation agreement with Central and Jan Gunn.

## NINTH DEFENSE.

The plaintiff's claims are barred because First Trinity and its agents, Central and Jan Gunn, ratified and acquiesced in the conduct giving rise to the claims.

## TENTH DEFENSE

Plaintiff's claims for damages are barred in whole or in part because First Trinity failed to mitigate its damages.

## ELEVENTH DEFENSE

The plaintiff's claims were caused solely by the negligence, breach of contract, fraud, or other intentional or wrongful conduct of third parties for whom defendant is not responsible, and this conduct constitutes a superseding or intervening cause.

## TWELFTH DEFENSE

The plaintiff's claims are barred by the doctrine of laches, because First Trinity did not assert its claims when it asserted claims against Central and Jan Gunn, and by failing to assert the claims at that time, prevented State National from participating in and benefiting from the forbearance and Liquidation Agreement, to State National's prejudice.

## THIRTEENTH DEFENSE

The plaintiff's claims for punitive damages are barred or limited by the United States Constitution, including the Fourteenth Amendment due process and equal protection clauses, the Mississippi Constitution, including specifically those rights guaranteed by Article 3, §14, 22, 24, 25, and 28, and §11-1-65 of the Mississippi Code.

## FOURTEENTH DEFENSE

Plaintiff has no right/no cause of action against State National for any general and special damages, including any penalties, attorney's fees, costs and legal interests.   Defendant specifically avers that it has dealt in good faith at all times in connection with the handling of the claims in the above-captioned matter, and further submits that plaintiff has failed to provide any satisfactory proof of loss.

## FIFTEENTH DEFENSE

Defendant specifically avers that it has and continues to conduct a reasonable investigation of any and all of the facts and circumstances surrounding the incident and loss made the basis of the instant litigation and any alleged damages resulting therefrom.

## SIXTEENTH DEFENSE

Further answering, to the extent that the plaintiff may be claiming a right to penalties or attorneys' fees pursuant to any amended versions of any such statute, defendant avers that said amendments have no retroactive effect, and that a retroactive application to the events or losses occurring prior to the date of any such amendment would be violative of the Constitution of the United States and the State of Mississippi.

## SEVENTEENTH DEFENSE

Plaintiff's claims are based upon a contract of insurance between the parties.   Your defendant avers that if a policy of insurance is shown to exist, said policy is a written contract, therefore the best evidence of its own contents, all of which are plead as if copied herein *in extenso*.

## EIGHTEENTH DEFENSE

Defendant pleads the doctrine of payment.

## NINETEENTH DEFENSE

If plaintiff suffered any damages, as alleged, such damages were caused, in whole or in part, by the actions or inactions of third parties, not State National.

## TWENTIETH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that any applicable public policy or express provision of law precludes or restricts coverage.

## TWENTY-FIRST DEFENSE

Plaintiff's claims for punitive damages are barred by the "double jeopardy" clause of the Fifth Amendment of the United States Constitution, as applied to the states through the Fourteenth Amendment.

## TWENTY-SECOND DEFENSE

There should be no recovery of punitive damages against this defendant because such recovery would violate:

    a.  The Eighth Amendment to the Constitution of the United States of America;

    b.  The Fourteenth Amendment to the Constitution of the United States of America;

    c.  The Fifth Amendment to the Constitution of the United States of America;

    d.  The Tenth Amendment to the Constitution of the United States of America;

    e.  Federal Common Law; and

    f.  The Constitution of the State of Mississippi and of plaintiffs' residences.

## TWENTY-THIRD DEFENSE

An award of punitive damages against this defendant in this case would violate the Excessive Fines Clause of the Eighth Amendment of the Constitution of the United States of America.

## TWENTY-FOURTH DEFENSE

Any alleged injuries or damages suffered by plaintiff did not result from or was not proximately caused by any act or omission, or any wrongful conduct on the part of State National.

## TWENTY-FIFTH DEFENSE

Plaintiff is not entitled to punitive damages based on the fact that plaintiff has not sufficiently pled that State National has engaged in wrongful conduct, willfully, wantonly, fraudulently, maliciously, oppressively, and with conscious indifference to consequences in the rights of others. Defendant further avers that plaintiff's claims for punitive damages are violative of the Constitution of the United States of America and any award of punitive damages against this defendant on this case in unconstitutional, including but not limited to, violative of the due process and equal protection clauses of the Fourteenth Amendment of the Constitution of the United States of America.

## TWENTY-SIXTH DEFENSE

Plaintiff's claims against State National are barred, in whole or in part, to the extent the acts or omissions of others, including other parties that have not been named in this proceeding, were new, superseding and/or independent causes of any of the loss or damage alleged in the Complaint.

## TWENTY-SEVENTH DEFENSE

Plaintiff's claims against State National are barred, in whole or in part, to the extent any of the loss or damage alleged in the Complaint was caused by Plaintiff's own contributory and/or comparative fault or negligence.

## TWENTY-EIGHTH DEFENSE

Plaintiff's claims against State National are barred, in whole or in part, to the extent Plaintiff, any protected person under any policy at issue, or any other responsible party failed to mitigate, minimize, avoid or abate any of the loss or damage allegedly sustained.

## TWENTY-NINTH DEFENSE

Plaintiff's claims against State National are barred, in whole or in part, to the extent that the act(s) or failure(s) to act which gave rise to the events alleged in the Complaint were in violation of public policy or law.

## THIRTIETH DEFENSE

Plaintiff's claims against State National are barred, in whole or in part, to the extent Plaintiff's claims are for equitable relief and/or are founded on equitable remedies.

## THIRTY-FIRST DEFENSE

Plaintiff's claims against State National are barred, in whole or in part, to the extent Plaintiff's claims are for declaratory and/or injunctive relief.

## THIRTY-SECOND  DEFENSE

The Complaint fails to state a cause of action against State National for attorney's fees.

## THIRTY-THIRD DEFENSE

Defendant is entitled to a trial by jury on all issues and claims relating to the Complaint and hereby requests and prays for same.

**AND NOW, HAVING ASSERTED THEIR AFFIRMATIVE DEFENSES, DEFENDANT DOES HEREBY RESPOND TO THE ALLEGATIONS OF THE COMPLAINT AS FOLLOWS:**

## PARTIES

**1.**

Defendant admits that First Trinity Capital Corporation ("First Trinity") is an Oklahoma Corporation.  Defendant is, without knowledge or information, sufficient to form a belief as to the truth of the remaining allegations in this paragraph and, therefore, deny same.

**2.**

State National admits that it is organized under the laws of Texas and has its principal place of business in Texas. State National further admits that it is licensed to do business in Mississippi. The remainder of the allegations of Paragraph 2 are denied for lack of sufficient information to justify a belief in the truth therein.

**3.**

The allegations contained in Paragraph 3 are conclusions of law and, therefore, require no response.  However, to the extent that a response is required, the allegations contained in Paragraph 3 are denied for lack of sufficient information to justify a belief in the truth therein.

**4.**

The allegations of Paragraph 4 are directed to Appalachian, a party that, upon information and belief, has already responded to this Complaint, and a party over whom State National has no control. However, to the extent that a response is required on behalf of State National, the allegations of Paragraph 4 are denied for lack of sufficient information to justify a belief in the truth therein.

## JURISDICTION AND VENUE

### 5.

Defendant admits that the United States District Court for the Southern District of Mississippi has jurisdiction over this action.

### 6.

Defendant admits that venue is proper in the Jackson Division of the United States District Court for the Southern District of Mississippi. Defendant denies the remaining allegations of this paragraph.

## FACTS

### 7.

The allegations contained in Paragraph 7 of the Complaint are denied for lack of sufficient information justify a belief in the truth therein.

### 8.

The allegations contained in Paragraph 8 of the Complaint are denied for lack of sufficient information justify a belief in the truth therein.

### 9.

The allegations contained in Paragraph 9 of the Complaint are denied.

### 10.

The allegations contained in Paragraph 10 of the Complaint are denied for lack of sufficient information justify a belief in the truth therein.

### 11.

The allegations contained in Paragraph 11 of the Complaint are denied.

**12.**

The allegations contained in Paragraph 12 of the Complaint are denied.

**13.**

The allegations contained in Paragraph 13 of the Complaint are denied for lack of sufficient information justify a belief in the truth therein.

**14.**

The allegations contained in Paragraph 14 of the Complaint are denied for lack of sufficient information justify a belief in the truth therein.

**15.**

The allegations contained in Paragraph 15 of the Complaint are denied for lack of sufficient information justify a belief in the truth therein.

**16.**

The allegations contained in Paragraph 16 of the Complaint are denied.

**17.**

The allegations contained in Paragraph 17 of the Complaint are denied for lack of sufficient information justify a belief in the truth therein.

**18.**

The allegations contained in Paragraph 18 of the Complaint are denied.

**19.**

The allegations contained in Paragraph 19 of the Complaint are denied for lack of sufficient information justify a belief in the truth therein.

**20.**

The allegations contained in Paragraph 20 of the Complaint are denied for lack of sufficient information justify a belief in the truth therein.

**21.**

The allegations contained in Paragraph 21 of the Complaint are denied.

**22.**

The allegations contained in Paragraph 22 of the Complaint are denied for lack of sufficient information justify a belief in the truth therein.

**23.**

The allegations contained in Paragraph 23 of the Complaint are denied for lack of sufficient information justify a belief in the truth therein.

**24.**

The allegations contained in Paragraph 24 of the Complaint are denied.

**25.**

The allegations contained in Paragraph 25 of the Complaint are denied.

**26.**

The allegations contained in Paragraph 26 of the Complaint are denied.

**27.**

The allegations contained in Paragraph 27 of the Complaint are not directed at the defendant and, therefore, require no response.  However, to the extent that a response is deemed to be required, defendant denies the allegations contained in Paragraph 27 for lack of sufficient information to justify a belief in the truth therein.

**28.**

The allegations contained in Paragraph 28 of the Complaint are denied.

**29.**

The allegations contained in Paragraph 29 of the Complaint are denied.

**30.**

The allegations contained in Paragraph 30 of the Complaint are denied for lack of sufficient information justify a belief in the truth therein.

**31.**

The allegations contained in Paragraph 31 of the Complaint are denied for lack of sufficient information justify a belief in the truth therein.

**32.**

The allegations contained in Paragraph 32 of the Complaint are denied for lack of sufficient information justify a belief in the truth therein.

**33.**

The allegations contained in Paragraph 33 of the Complaint are denied.

**34.**

The allegations contained in Paragraph 34 of the Complaint are denied.

**35.**

The allegations contained in Paragraph 35, including subparts a, b, c, d, and e, of the Complaint, are all denied.

**36.**

The allegations contained in Paragraph 36 of the Complaint are denied.

**37.**

The allegations contained in Paragraph 37 of the Complaint are denied.

**38.**

The allegations contained in Paragraph 38 of the Complaint are not directed at the defendant and, therefore, require no response.  However, to the extent that a response is deemed to be required, defendant denies the allegations contained in Paragraph 38 for lack of sufficient information to justify a belief in the truth therein.

**39.**

The allegations contained in Paragraph 39 of the Complaint are denied.

**40.**

The allegations contained in Paragraph 40 of the Complaint are denied.

**41.**

The allegations contained in Paragraph 41 of the Complaint are denied.

**42.**

The allegations contained in Paragraph 42 of the Complaint are denied.

**43.**

The allegations contained in Paragraph 43 of the Complaint are denied.

**44.**

The allegations contained in Paragraph 44 of the Complaint are denied.

**45.**

The allegations contained in Paragraph 45 of the Complaint are not directed at the defendant and, therefore, require no response.  However, to the extent that a response is deemed

to be required, defendant denies the allegations contained in Paragraph 45 for lack of sufficient information to justify a belief in the truth therein.

**46.**

The allegations contained in Paragraph 46 of the Complaint are denied.

**47.**

The allegations contained in Paragraph 47 of the Complaint are denied.

**48.**

The allegations contained in Paragraph 48 of the Complaint are denied.

**49.**

The allegations contained in Paragraph 49 of the Complaint are denied.

**50.**

The allegations contained in Paragraph 50 of the Complaint are not directed at the defendant and, therefore, require no response.  However, to the extent that a response is deemed to be required, defendant denies the allegations contained in Paragraph 50 for lack of sufficient information to justify a belief in the truth therein.

**51.**

The allegations contained in Paragraph 51 of the Complaint are denied.

**52.**

The allegations contained in Paragraph 52 of the Complaint are denied.

**53.**

The allegations contained in Paragraph 53 of the Complaint are denied.

**54.**

The allegations contained in Paragraph 54 of the Complaint are not directed at the defendant and, therefore, require no response.  However, to the extent that a response is deemed to be required, defendant denies the allegations contained in Paragraph 54 for lack of sufficient information to justify a belief in the truth therein.

**55.**

The allegations contained in Paragraph 55 of the Complaint are denied.

**56.**

The allegations contained in Paragraph 56 of the Complaint are denied.

**57.**

The allegations contained in Paragraph 57 of the Complaint are denied.

**58.**

The allegations contained in Paragraph 58 of the Complaint are not directed at the defendant and, therefore, require no response.  However, to the extent that a response is deemed to be required, defendant denies the allegations contained in Paragraph 58 for lack of sufficient information to justify a belief in the truth therein.

**59.**

The allegations contained in Paragraph 59 of the Complaint are denied.

**60.**

The allegations contained in Paragraph 60 of the Complaint are denied.

**61.**

The allegations contained in Paragraph 61 of the Complaint are denied.

**62.**

The allegations contained in Paragraph 62 of the Complaint are denied.

**63.**

The allegations contained in Paragraph 63 of the Complaint are denied.

**64.**

The allegations contained in Paragraph 64 of the Complaint are denied.

**65.**

The allegations contained in Paragraph 65 of the Complaint are denied.

**66.**

The allegations contained in Paragraph 66 of the Complaint are not directed at the defendant and, therefore, require no response.  However, to the extent that a response is deemed to be required, defendant denies the allegations contained in Paragraph 66 for lack of sufficient information to justify a belief in the truth therein.

**67.**

The allegations contained in Paragraph 67 of the Complaint are denied.

**68.**

The allegations contained in Paragraph 68 of the Complaint are denied.

**69.**

The allegations contained in Paragraph 69 of the Complaint are denied.

## AD DAMNUM

Defendant denies the allegations in First Trinity's "ad damnum" paragraph, including all of its subparts, and denies that First Trinity is entitled to any relief from State National.

**WHEREFORE**, having answered the allegations of the Complaint and having pled affirmatively, Defendant, State National Insurance Company., requests a trial by jury, demands that the Complaint against it be dismissed and that all costs be assessed against the Plaintiff.

Respectfully submitted, this **16th day of January, 2013.**

Respectfully Submitted:

**STATE NATIONAL INSURANCE
COMPANY**
BY: _____*s:/ Sean P. Mount*_____
**SEAN P. MOUNT (MB Bar #101507)**
**smount@hmhlp.com**

**OF COUNSEL:**
**HAILEY, McNAMARA, HALL,**
**LARMANN & PAPALE, L.L.P.**
**302 Courthouse Road, Suite A**
**Gulfport, MS 39507**
**Telephone: (228) 896-1144**

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this **16th day of January, 2013,** served a copy of the foregoing pleading on

Mr. John G. Holaday,
**Holaday Law Firm, PLLC**
P.O. Box 321406
Flowood, Mississippi  39232
Telephone: 601-414-3575
Fax: 601-992-7727
Attorney for Plaintiff,
First Trinity Capital Corporation

for all parties to this proceeding either by **e-mailing, faxing or by mailing** the same by United States Mail, properly addressed, and first class postage prepaid.

_____*s:/ Sean P. Mount*_____
